IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Donald Noble,<br><br>*On behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Mt. Washington Pizzeria, Inc., *et al.*,<br><br>Defendants. | Case No. 1:20-cv-00489<br><br>Judge Matthew W. McFarland |

PLAINTIFF'S UNOPPOSED MOTION FOR SETTLEMENT APPROVAL

Plaintiff asks this Court to grant final approval to the parties' Settlement Agreement, attached as Exhibit 1, and, at the conclusion of the settlement process, dismiss the case with prejudice. Defendants do not oppose Plaintiff's Motion. The proposed Settlement Agreement resolves this case on an individual basis on behalf of Named Plaintiff Donald Noble, Opt-In Plaintiff Evan Hartman, and Opt-In Plaintiff Jason Young.

                                Respectfully submitted,

                                */s/ Phil Krzeski*
                                Andrew R. Biller (Ohio Bar # 0081452)
                                BILLER & KIMBLE, LLC
                                4200 Regent Street, Suite 200
                                Columbus, OH 43219
                                Telephone: (614) 604-8759
                                Facsimile: (614) 340-4620
                                *abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713
Nathan B. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
*nspencer@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

## Memorandum in Support of Plaintiff's Unopposed Motion for Settlement Approval

**1. Introduction.**

Plaintiff seeks the Court's approval of this wage and hour settlement because it is fair, adequate, and reasonable. Upon Defendants' final payment of the settlement funds, Plaintiff asks that this Court dismiss the case in its entirety and with prejudice as to Named Plaintiff Donald Noble, Opt-In Plaintiff Evan Hartman, and Opt-In Plaintiff Jason Young.

**2. Background of the Lawsuit.**

On June 23, 2020, Plaintiff Donald Noble filed this unpaid wage lawsuit on behalf of himself and similarly situated delivery drivers against Mt. Washington Pizzeria and Nicholas Fucito. Plaintiff worked for Mt. Washington Pizzeria, Inc. as a delivery driver at one of its LaRosa's franchise restaurants on Beechmont Avenue. Plaintiff alleges that Defendants failed to pay minimum wages because they failed to adequately reimburse for delivery drivers' automobile expenses.

Two other delivery drivers, Evan Hartman and Jason Young, filed forms evidencing their Consent to Join the FLSA action in September 2020. Both these delivery drivers worked at a LaRosa's franchise restaurant known as the Anderson LaRosa's. At the time these Consent Forms were filed, Plaintiff's Counsel believed that Mt. Washington Pizzeria, Inc. was the umbrella corporation that owned all of Defendants' LaRosa's stores. However, as the case progressed, Plaintiff's Counsel became aware that Defendant Nicholas Fucito owned another entity, Anderson Pizzeria, Inc. that was the entity owner of the Anderson LaRosa's.

3. **Summary of Plaintiffs' Claims.**

Mr. Noble, Mr. Hartman, and Mr. Young (collectively, "Plaintiffs") have alleged several wage and hour violations against Mt. Washington Pizzeria, Inc. and Mr. Fucito.

First, Plaintiffs claim that Defendants under-reimbursed delivery drivers for the expenses that drivers incurred in having to use their own cars to deliver food. Plaintiffs allege that, because Defendants paid the drivers at or below full minimum wage (*i.e.*, Defendants paid a tipped wage), any under-reimbursement could trigger a claim for unpaid minimum wages under the FLSA and Ohio law. "In the pizza delivery context, the cost associated with delivering food for an employer is a 'kickback' to the employer that must be fully reimbursed, lest a minimum wage violation be triggered." *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 U.S. Dist. LEXIS 191790, at *3 (S.D. Ohio Nov. 5, 2019) ("*Hatmaker I*"). Courts in this district have adopted the DOL Handbook standard, which requires that employers either (1) track and reimburse for the drivers' actual expenses, or (2) reimburse at the applicable IRS standard business mileage rate. *Hatmaker I*, 2019 U.S. Dist. LEXIS 191790, at *6.

Second, Plaintiffs assert that Defendants failed to properly take a tip credit under 29 U.S.C. § 203(m). Specifically, Plaintiffs allege that Defendants failed to pay the wage rate they promised to pay, after accounting for kickbacks, and therefore cannot avail themselves of the tip credit. 29 C.F.R. § 531.59(b) (explaining that one of the requirements for taking a tip credit is informing the employee, among other things, "[t]he amount of the cash wage that is to be paid to the tipped employee by the employer…").

Third, as another component of the tip credit violation claim, as delivery drivers, Plaintiffs worked "dual jobs." As one component of the job, they delivered food and received tips in the

4

process. During other time periods, however, when there were no deliveries to take, they completed tasks inside the store that did not produce tips.

The FLSA allows employers to claim a tip credit against a tipped employee's wages. *See* 29 U.S.C. § 203(m). However, when the employee works in a "dual job" – one in which they receive tips and another in which they do not receive tips – the employer is only permitted to claim the tip credit for the hours the employee actually works in a "tipped capacity." *See* 29 C.F.R. § 531.56(e). Non-tipped work can only be paid at a tipped rate if the non-tipped work is sufficiently "related" to the tipped work. *Id.*; *see also Schaefer v. Walker Bros. Enterprises, Inc.*, 829 F.3d 551, 554 (7th Cir. 2016). Plaintiffs claim Defendants were required to pay full minimum wage for these hours.

Based on these claims, and after evaluating Defendants' data, Mr. Noble claims to have suffered $6,201.25 in unpaid wages, Mr. Hartman has suffered approximately $2,692.28, and Mr. Young has suffered approximately $8,111.53 in unpaid wages.

Finally, Plaintiffs also each assert that they are entitled to an additional two times his unpaid wages as damages pursuant to the Ohio Constitution, Art. II, Section 34a, as well as liquidated damages under the FLSA, 29 U.S.C. § 260, and under the Ohio Prompt Pay Act, O.R.C. § 4113.15. The applicability of the additional damages amounts would have depended on the Court's decision as to whether all forms of additional damages should "stack" on top on one another, or if they are only available in the alternative. *See, e.g., Evans v. Loveland Automotive Investments, Inc.*, 632 Fed. Appx. 496, 498 (10th Cir. 2015). Defendants deny each of the claims asserted by Plaintiffs and contend that the delivery drivers subject to this Settlement Agreement were properly paid wages and reimbursed for expenses as required by federal and state law.

4. **Summary of Settlement Terms.**

The settlement agreement reached between the parties provides for payments to each of the Plaintiffs. Defendants agree to pay a total amount of $28,000.00 to the Plaintiffs and to Plaintiff's Counsel as resolution of all claims asserted by the Plaintiffs. This settlement is fair, adequate, and reasonable because it provides substantial compensation to each Plaintiff, but also recognizes the risk, uncertainty, and expense of going forward with litigation.

The total settlement amount is to be divided as follows:

    a.   $4,486.32 to Donald Noble;

    b.   $1,993.92 to Evan Hartman;

    c.   $5,981.76 to Jason Young; and

    d.   $15,538.00 to Plaintiff's Counsel for attorneys' fees and expenses.

In exchange for these amounts, Plaintiffs fully release and discharge Defendants from claims arising out of the factual allegations described in the Complaint and/or referenced in Plaintiffs' Demand to Defendants. After payment in full, Plaintiffs will seek dismissal of the lawsuit with prejudice as to only their claims, leaving other employees to pursue their claims separately if they so desire.

The parties' settlement agreement is attached hereto as Exhibit 1.

5. **The Standard for Settlement Approval.**

When a current or former employee alleges a violation of the FLSA, either the Secretary of Labor must oversee the payment of unpaid wages, or if the employee brings a private action and the parties settle the matter, a district court may enter a stipulated judgment after evaluating the parties' settlement terms for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1352-1353 (11th Cir. 1982); *see also Vigna v. Emery Federal Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *2 (S.D. Ohio 2016); *Gentrup v. Renovo Serv., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011). In evaluating an FLSA settlement and, presumably, an Ohio law wage and hour settlement (because the same considerations apply), the Court's role "is comparable to that of a court in a settlement of a class action…" *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012); *quoting Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *5 (N.D. Ohio Mar. 8, 2010). The Court must ensure that the settlement is the product of a bona fide dispute, is fair, reasonable, and adequate, and was reached through arms-length negotiation. *Id.* at *5–6. As described below, the proposed settlement meets this standard.

### 5.1. The settlement is the product of a bona fide dispute.

The most important factor to consider when evaluating a proposed settlement is Plaintiff's probability of success on the merits. *Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *6. As stated previously, there were several issues about Plaintiffs' claims where the outcome was not certain. Both parties had legal arguments as to (1) the appropriate rate and standard for reimbursement; (2) whether Defendants properly claimed a tip credit for the hours delivery drivers worked on the road making deliveries; (3) whether Plaintiffs' non-tipped tasks were related to their duties as delivery drivers; and (4) whether Plaintiffs were entitled to liquidated damages. As a result, Plaintiffs' recovery ranged from $0 to, on their best day, $68,020.24. As such, there was a bona fide dispute regarding both the existence of and amount of any unpaid wages or other damages owed to Plaintiffs.

### 5.2. The settlement is fair, reasonable, and adequate.

"Wage and hour class and collective actions … are inherently complex and time-consuming." *Arp v. Hohla & Wyss Enters., LLP*, Case No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *11 (S.D. Ohio Nov. 5, 2020) (citing *Brandenburg v. Cousin Vinny's Pizza, LLC*, Case No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *3 (S.D. Ohio Nov. 25, 2019)). Given the complexity of the legal and factual questions before the Court, the considerable time and expense required to litigate those questions, and the uncertainty of success, the settlement is fair, adequate, and reasonable. Continued litigation would have required substantial discovery, expense, and, potentially, expert testimony. The settlement provides a benefit to Plaintiffs and avoids the time, expense, and uncertainty of moving forward with their claims through expensive and time-consuming litigation.

### 5.3. The nature of negotiations.

The parties reached the above settlement after numerous discussions, exchanges of information, and additional negotiations. The parties negotiated at arm's length, through a multi-step process.

Defendants provided records of the miles driven and reimbursements paid to Plaintiffs, which the parties agreed were an accurate reflection of Plaintiffs' employment. From there, Plaintiffs' counsel calculated the damages discussed above, and counsel for the parties engaged in numerous phone calls and email communications to arrive at the final settlement amount and terms.

Through the parties' efforts, the parties were able to reach the resolution now presented to the Court. This non-collusive, arms-length process allowed the parties to achieve a fair settlement agreement.

### 5.4. The payment of attorneys' fees is reasonable.

As part of the Settlement Agreement, Defendants have agreed to pay attorneys' fees as a separate amount (rather than a percentage of the payment to Plaintiffs) of $15,538.00. Although this amount is more than a standard 1/3 of the overall settlement amount, this case is being settled as an individual case rather than a class or collective action. The fee amount is reasonable under these circumstances.

The FLSA is a fee-shifting statute and Plaintiffs, if they prevailed on their claims, would be entitled to reasonable fees and expenses using the lodestar method. *See Rembert v. A Plus Home Health Care Agency, LLC*, No. 20-3454, 2021 WL 236602, at *6-7 (6th Cir. 2021). "Neither the text nor the purpose of the FLSA supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* (internal quotations omitted); *see also, e.g., Brantingham v. Emergency Servs.*, No. 2:16-cv-1169, 2017 U.S. Dist. LEXIS 185219, at *1-2 (S.D. Ohio Nov. 8, 2017) (approving $35,000 in fees where plaintiffs received approximately $13,000). In FLSA cases, many Plaintiffs would be unable to shoulder the expense of litigation relative to their damages. To promote Plaintiffs' Counsel's ability to bring these cases on behalf of unpaid and underpaid employees, this fee-shifting arrangement is just and reasonable. "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Brantingham*, 2017 U.S. Dist. LEXIS 185219, at *3-4 (quoting *Fenley*, 19 F.3d at 1134-35 (citations omitted)).

9

Here, Plaintiffs' Counsel have expended approximately 100 hours on this case, resulting in total billable time of $33,039.80. Despite the total amount of billable hours expended at this time, for settlement purposes, Plaintiffs' Counsel has agreed to cut their total fees by more than half to $15,000.00 in fees and $538 in expenses. Plaintiffs' Counsel has agreed to this reduction to ensure Plaintiffs are reimbursed unpaid wages, avoid further litigation costs, and save Plaintiffs time in reaching a reasonable result in this case. For these reasons, the attorneys' fee award is reasonable.

For these reasons, Plaintiffs ask this Court to approve the settlement, including the award of attorneys' fees.

**6. Conclusion**

Plaintiffs ask the Court to grant final approval to the parties' Settlement Agreement and, upon Defendants' payment of the settlement funds, dismiss the lawsuit in its entirety and with prejudice as to Named Plaintiff Donald Noble, Opt-In Plaintiff Evan Hartman, and Opt-In Plaintiff Jason Young.

Respectfully submitted,

/s/ *Phil Krzeski*
Andrew R. Biller (Ohio Bar # 0081452)
BILLER & KIMBLE, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (Ohio Bar # 0093172)
Philip J. Krzeski (Ohio Bar # 0095713
Nathan B. Spencer (Ohio Bar # 0092262)
BILLER & KIMBLE, LLC
8044 Montgomery Rd., Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710

>Facsimile: (614) 340-4620
>*akimble@billerkimble.com*
>*pkrzeski@billerkimble.com*
>*nspencer@billerkimble.com*
>
>www.billerkimble.com
>
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Philip J. Krzeski*
>Philip J. Krzeski